## REICHEL v. NEW YORK CENT. & H. R. R. CO.

(*Superior Court of Buffalo, Special Term.* February, 1890.)

COSTS—REFEREE TAKING DEPOSITIONS—ALLOWANCE.

> Code Civil Proc. N. Y. § 3296, which provides that "a referee in an action or a special proceeding brought in a court of record" is entitled to six dollars for each day spent in the business of the reference, does not embrace the case of a referee appointed to take the deposition of a witness; but an allowance can be made only under section 3256, which provides that a party to whom costs are awarded in an action is entitled to include in his bill of costs "the reasonable compensation of commissioners taking depositions * * * and such other reasonable and necessary expenses as are taxable according to the course and practice of the court."

Action by Johann Reichel against the New York Central & Hudson River Railroad Company for personal injuries. Defendant moves for a retaxation of costs.

*Eugene V. Chamberlain* and *Lewis W. Dilmer,* for plaintiff. *James Fraser Gluck,* for defendant.

BECKWITH, C. J. This a motion by the defendant for an order directing a retaxation of plaintiff's costs, "by disallowing in said bill of costs twenty dollars of the item of twenty-six dollars, fees of commissioner, and four dollars of the item of five dollars for serving summons and complaint." It appears from the papers read on the motion, and admissions of counsel on the argument, that Mr. Bishop, a court stenographer, was by an order of the court appointed a referee to take a deposition of the witness Philip Sauer at the house of the witness' father in the town of Clarence, where the witness was laid up sick with a typhoid fever; that a conveyance was obtained, by which the referee and counsel for the respective parties were carried to the residence of the witness in Clarence, and that the testimony was taken stenographically, and then reduced to writing by the referee, and afterwards used on the trial. The plaintiff's affidavit as to disbursements states that for such services the plaintiff incurred an expense of $26.

The defendant claims that only $6, for one day of attendance by the referee, was taxable for referee's fees, citing section 3296, Code Civil Proc. That section, so far as necessary to quote, reads as follows: "A referee, in an action or a special proceeding brought in a court of record, or in a special proceeding taken as described in title twelve of chapter seventeen of this act, [supplementary proceedings,] is entitled to six dollars for each day spent in the business of the reference, unless at or before the commencement of the trial or hearing a different rate of compensation is fixed by the consent of the parties." A special proceeding is a prosecution by a party for the enforcement or protection of a right, or for the redress or prevention of a wrong. Code, §§ 3333, 3334. I do not think that section 3296 embraces the case of a referee appointed, according to section 873 of the Code, to take and file the deposition of a witness. The context of section 3296 shows that the referee there meant

is the ordinary referee to try an issue or hear parties respecting a matter, and also the referee in supplementary proceedings. The referee under section 873 is a mere commissioner to take down in writing the testimony of a witness. He is mentioned as a commissioner in the notice of motion and accompanying affidavit in the bill of costs taxed, but section 873 denominates him a "referee." Upon the construction which I have given section 3296, it is necessary to look somewhere else for the allowance to be made for the services of a referee to take depositions. Section 3256 provides for the taxation of "reasonable compensation of commissioners taking depositions," and "such other reasonable and necessary expenses as are taxable according to the course and practice of the court." Under these provisions the reasonable and necessary expenses of taking the testimony of Philip Sauer can be and ought to be allowed, including the actual traveling expenses of the referee, or the expenses incurred by the plaintiff in carrying the referee to and from the residence of the witness. The sum of $26 seems to be large, and, as inserted in the plaintiff's bill of costs, is for "commissioner's fees and disbursements, Philip Sauer's deposition." The clerk should retax the item, upon proof to be made by the plaintiff showing what his expenditures were for, and the allowance should be only for reasonable and necessary expenses. A clerk or officer authorized to tax costs in an action must strike out all charges for fees other than the prospective charges expressly allowed by law, where it does not appear that the services were necessarily performed. An item of disbursements ought not to be allowed, and cannot lawfully be allowed, unless it appears to have been necessarily incurred, and to be reasonable in amount. Code, §§ 3266, 3267.